Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.

---

## HERNÁNDEZ, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Will.

No. 477.—Decided January 31, 1921.

RECORD OF TITLE—INTERESTED PERSONS.—Among the persons who may demand the record of an instrument in the registry, according to article 6 of the Mortgage Law, is "any person interested in rendering secure the right to be recorded," but it is not sufficient to allege such interest, it being necessary to show it at least by alleging facts which may justify that conclusion.

The facts are stated in the opinion.

*Mr. L. Méndez Vaz* for the appellant.

The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Tomasa González, widow of García, died after having made a will in San Juan, P. R., on August 16, 1877. She had no heirs at law. She designated no heirs in her will. She was the owner of house No. 86 San Sebastián Street, which was divided into five parts, and she bequeathed parts numbers one, three, four and five to different persons named in the will. With regard to part number two she disposed as follows:

"Part Number Two: On the left of part number one and consists of a parlor and hall. It is my wish that from the rent thereof two masses a month, for all time to come, at the cost of one dollar each, be said for the eternal repose of my soul, the remainder to be distributed by my first executor in alms among such paupers as he may consider to be most in need."

The testatrix died on July 6, 1881, and on August 2, 1920, Agustín Hernández Mena presented a petition in the Registry of Property of San Juan, P. R., to the effect that the ownership of the said part number two be recorded in the

name of the first universal testamentary executor appointed by the testatrix, Juan Ballesteros Núñez. The registrar refused the record, because (1) considering the will as a whole, the intention of the testatrix was doubtful; because (2) if the testatrix did not bequeath to any person the nude ownership of the second part of the house the executor had no capacity to record it in his name, because the inheritance had been left vacant and also because the executor was not universal but special, and because (3) it was not shown that the executor was acting as such when the record was sought.

There is in this case a question of law which it is necessary to consider before entering into the merits of the controversy.

The person who applied for the record in the registry and who took the present appeal is Agustín Hernández Mena. In his application to the registrar he only said: "The petitioner alleges that he has an interest in having the record made as a lawful party in the right of the same for the purpose of making a subsequent record." The petitioner is neither an heir nor a legatee of the testatrix. He was not the appointed executor, nor does it appear what relation he may bear to the executor. It is true that, according to article 6 of the Mortgage Law, among the persons who may demand a record is "any person interested in rendering secure the right to be recorded" and that the petitioner seems to be acting under that statute, but it is not sufficient for him to allege that he has such an interest. He must prove it by alleging at least facts that may lead to this conclusion.

This being the case, and it not appearing from the documents brought up to this court that the petitioner has the right to act in this matter, the appeal taken by him should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.